**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

**ZEDERRICK O. JOHNSON,**

      **Petitioner,**

**v.**　　　　　　　　　　　　　　　　　**Case No.  3:12cv392/RV/CJK**

**MICHAEL D. CREWS,**

      **Respondent.**

_____/

## REPORT AND RECOMMENDATION

This cause is before the Court upon petitioner's petition for writ of habeas corpus filed under 28 U.S.C. § 2254.  (Doc. 1).  Respondent moves to dismiss the petition for lack of subject-matter jurisdiction on the grounds that petitioner was not in custody at the time he filed his petition.  (Doc. 19).  Petitioner has responded in opposition to dismissal.  (Doc. 21).  The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B).  After careful consideration, the undersigned concludes that no evidentiary hearing is required for the disposition of this matter.  Rule 8(a) of the Rules Governing Section 2254 Cases in the United States District Courts.  The undersigned further concludes that the pleadings and attachments before the Court show that petitioner fails to satisfy the "in custody" requirement for federal habeas

jurisdiction, and that this case should be dismissed.

BACKGROUND AND PROCEDURAL HISTORY

Petitioner is a resident of Pensacola, Florida. (Doc. 1, p. 1). Petitioner provides a residential address on the petition form accompanied by the notation "{Released}". (*Id*.). Petitioner is challenging a judgment of conviction for Forgery of a Check (Count 1), Uttering a Forged Instrument (Count 2), Operating a Vehicle While Drivers License Suspended (Count 3), and Providing a False Name to a Law Enforcement Officer (Count 4) entered by the Escambia County Circuit Court in Pensacola, Florida, on February 13, 2008, in Case Number 2007-CF-01043. (Doc. 1, p. 1). Petitioner was sentenced to concurrent terms of two years imprisonment on Counts 1-3. (*Id*.). Petitioner's direct appeal was unsuccessful, *Johnson v. State*, 3 So. 3d 321 (Fla. 1st DCA Feb. 10, 2009) (Table), as was his application for postconviction relief, *Johnson v. State*, 83 So. 3d 714 (Fla. 1st DCA Feb. 13, 2012) (Table), *pet. for review denied*, 91 So. 3d 132 (Fla. May 15, 2012) (Table). Petitioner was released from the custody of the Florida Department of Corrections on October 24, 2009, with no probation, community release, or other form of supervision to follow. (Doc. 19, Ex. A).

Petitioner filed his federal habeas petition in this Court on August 15, 2012. (Doc. 1). Petitioner challenges his judgment of conviction on two grounds: (1) trial counsel was ineffective for failing to investigate and obtain evidence that would have shown the absence of probable cause for the traffic stop that led to petitioner's arrest; and (2) petitioner was denied due process in his state postconviction proceeding when the state court summarily denied relief without an evidentiary hearing. (*Id*., p. 4). Respondent moves to dismiss the petition for lack of jurisdiction on the grounds that

petitioner fails to meet the "in custody" requirement. (Doc. 19).

DISCUSSION

A federal district court may entertain a petition for habeas corpus relief filed by a person "<u>in custody</u> pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added); *see also* 28 U.S.C. § 2241(c)(3) ("The writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is <u>in custody</u> in violation of the Constitution or law or treaties of the United States") (emphasis added). The "in custody" requirement is jurisdictional. *Stacey v. Warden, Apalachee Corr. Inst.*, 854 F.2d 401, 403 (11th Cir. 1988). To satisfy the "in custody" requirement, "the habeas petitioner [must] be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490-91, 109 S. Ct. 1923, 1925, 104 L. Ed. 2d 540 (1989) (per curiam). Although federal courts broadly construe the phrase "in custody," the "in custody" requirement has not been extended to cover a scenario where a petitioner suffers no "present restraint" from the conviction being challenged. *See Maleng*, 490 U.S. at 492, 109 S. Ct. at 1926. In *Maleng*, the Supreme Court held that "a habeas petitioner [is not] 'in custody' under a conviction when the sentence imposed for that conviction has fully expired at the time the petition in filed." 490 U.S. at 491, 109 S. Ct. at 1925.

The attachment to respondent's motion to dismiss establishes that petitioner was released from DOC custody on October 24, 2009, with no probation, community release, or other form of supervision to follow. (Doc. 19, Ex. A). Petitioner responds in opposition to dismissal that he considers himself to have been in custody while his state court proceedings were pending, and those proceedings did not terminate until

the Florida Supreme Court denied his petition for review on May 15, 2012. (Doc. 21, p. 1 ¶¶ 1-2). Petitioner also argues that he was "in custody" when this case was filed, because the Florida First District Court of Appeal did not affirm the denial of postconviction relief until August 29, 2012.[1] (Doc. 21, p. 1 ¶ 3 (*citing Johnson v. State*, 83 So. 3d 714 (Fla. 1st DCA 2012))). Contrary to this position, the pendency of state collateral review proceedings does not affect petitioner's custodial status for federal habeas purposes. Even if it did, petitioner's state collateral review proceedings terminated before petitioner filed his § 2254 petition.

## CONCLUSION

Petitioner was not "in custody" under his 2008 state criminal judgment at the time he filed this § 2254 petition on August 15, 2012. The Court lacks jurisdiction to consider the petition and must dismiss this action. *See Stacey*, 854 F.2d at 402-03; *Goodman ex rel. Goodman v. Sipos*, 259 F.3d 1327, 1331 n.6 (11th Cir. 2001) ("A federal court must always dismiss a case upon determining that it lacks subject matter jurisdiction, regardless of the state of the proceedings, and facts outside of the pleading may be considered as part of that determination.").

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed,

---

[1] The Florida First DCA affirmed the denial of postconviction relief on February 13, 2012. *See Johnson v. State*, 83 So. 3d 714 (Fla. 1st DCA Feb. 13, 2012) (Table).

even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The petitioner in this case fails to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S. Ct. 1595, 1603-04, 146 L. Ed. 2d 542 (2000) (explaining the meaning of this term) (citation omitted). Accordingly, the court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rule 11(a), Rules Governing Section 2254 Cases. If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully RECOMMENDED:

1. That respondent's motion to dismiss (doc. 19) be GRANTED.

2. That petitioner's habeas corpus petition filed under 28 U.S.C. § 2254 (doc. 1) be DISMISSED for lack of subject-matter jurisdiction.

3. That the Clerk be directed to close the file.

4. That a certificate of appealability be DENIED.

At Pensacola, Florida this 7th day of October, 2013.

/s/ *Charles J. Kahn, Jr.*

**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).